UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

**LAURA ANN ZANESKI,**

 **Plaintiff,**

vs.

**UNITED STATES OF AMERICA,**

 **Defendant.**
_____/

## COMPLAINT

 Plaintiff, LAURA ANN ZANESKI, by and through the undersigned counsel, sues the Defendant, UNITED STATES OF AMERICA and alleges:

### SUBJECT MATTER JURISDICTION AND VENUE

 1. The subject matter jurisdiction of this Honorable Court is predicated upon the 39 C.F.R. part 912 which deems Defendant, UNITED STATES OF AMERICA liable under the Federal Torts Claim Act for the actions of employees of the Federal Government, including but not limited to employees of the UNITED STATES POSTAL SERVICE, as an entity of the Federal Government. Section 39 C.F.R. part 912.2 provides liability protection under the Federal Tort Claims Act (FTCA), for damages for personal injury, resulting from tort claims arising out of the activities of the Postal Service. (39 U.S.C. 409(c)).

 2. Venue is proper in the Middle District of Florida because the events giving rise to this case occurred in Hernando County, Florida; more specifically the Plaintiff was injured in Hernando County, Florida and at all times material hereto, the Plaintiff was a resident of Hernando County, Florida.

**TIMELY FILED NOTICE**

3. Plaintiff's formal notice of this claim was made upon Defendant, UNITED STATES OF AMERICA, through the United States Postal Service on May 21, 2021, agents of Defendant, UNITED STATES OF AMERICA, by submitting Form 95 on May 21, 2021, which was received and responded to by the UNITED STATES POSTAL SERVICE (Copy of Correspondence and filed Form on behalf of LAURA ANN ZANESKI attached as Exhibit A).

4. On August 26, 2021, the UNITED STATES POSTAL SERVICE acknowledged receipt of the Correspondence as of May 21, 2021, and that they had six (6) months to make a decision on what action to take on the claim. (Copy of Defendant's Response is attached as Exhibit B).

5. More than six months has passed since the filing of the claims, without resolution or denial of the claim by the Defendant, UNITED STATES OF AMERICA or its agent, UNITED STATES POSTAL SERVICE, or any other entity of the United States of America.

6. Pursuant to Federal law, the Plaintiff is entitled to file a Complaint after the statutorily mandated six (6) month period which ended on or November 21, 2021. As such, the filing of this Complaint is within the applicable statute of limitations.

**PARTIES**

7. At all times material hereto, Plaintiff, LAURA ANN ZANESKI, resided as a citizen of the United States of America in Hernando County, Florida, and was the owner of a 2008 Ford Mustang motor vehicle with vehicle identification number 1ZVHT84N185132971 or similar.

8. At all times material hereto, Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, owned, managed, and operated a US Postal Service mail truck vehicle, VIN #1GBCS1044R2916833 or similar (the "Mail Truck").

## **COUNT I – NEGLIGENCE CLAIM OF LAURA ANN ZANESKI**

9. Plaintiff realleges and readopts paragraphs 1 through 8 as if fully stated herein.

10. This is an action for damages which exceeds the sum of Thirty Thousand ($30,000.00) Dollars.

11. On or about November 9, 2020, Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, was the owner of the Mail Truck.

12. On or about November 9, 2020, CHRISTINA MARIE GRANT was operating the Mail Truck with the permission and consent of Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

13. At all times relevant to this Complaint, including, but not limited to, the time of the crash involving Plaintiff, LAURA ANN ZANESKI, CHRISTINA MARIE GRANT was acting within the course and scope of her employment and/or agency with Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

14. On or about November 9, 2020, as part of CHRISTINA MARIE GRANT's employment and/or agency with Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE., she was driving and/or operating the aforementioned Mail Truck off of the premises of Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

15. On or about November 9, 2020, Plaintiff, LAURA ANN ZANESKI, was operating a 2008 Ford Mustang motor vehicle with vehicle identification number 1ZVHT84N185132971 or similar, at or near the intersection of Forest Oaks Boulevard and Forest Villas Circle, Hernando County, Florida.

16. On or about November 9, 2020, CHRISTINA MARIE GRANT was operating the Mail Truck at or near the intersection of Forest Oaks Boulevard and Forest Villas Circle, Hernando County, Florida.

17. On or about November 9, 2020, CHRISTINA MARIE GRANT owed a duty to Plaintiff, LAURA ANN ZANESKI, to operate the Mail Truck in a careful and prudent manner so as to avoid causing a collision with the motor vehicle that Plaintiff, LAURA ANN ZANESKI, was operating.

18. On November 9, 2020, CHRISTINA MARIE GRANT also had a duty to operate the Mail Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of such a motor vehicle.

19. On or about November 9, 2020, CHRISTINA MARIE GRANT breached her duty owed to Plaintiff, LAURA ANN ZANESKI, by carelessly and negligently operating the Mail Truck so that it collided with the motor vehicle that Plaintiff, LAURA ANN ZANESKI, was operating.

20. The Plaintiff, LAURA ANN ZANESKI, had no opportunity to avoid the collision.

21. The negligence of CHRISTINA MARIE GRANT caused, in whole or in part, injuries and damages to Plaintiff, LAURA ANN ZANESKI.

22. As the employer of CHRISTINA MARIE GRANT, and/or as the master of its agent CHRISTINA MARIE GRANT, the Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, is vicariously liable for the acts of its employee and/or agent.

23. As owner of the aforementioned Mail Truck, Defendant UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, is vicariously liable

for the negligence of its permissive driver, CHRISTINA MARIE GRANT, pursuant to the dangerous instrumentality doctrine.

24. As a direct and proximate result of Defendant UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE's and/or CHRISTINA MARIE GRANT's, negligent acts or omissions, Plaintiff, LAURA ANN ZANESKI, has suffered in the past and will continued to suffer in the future the following damages:

   a. Permanent bodily injuries and resulting pain and suffering; and/or

   b. Impairment; and/or

   c. Disability; and/or

   d. Disfigurement; and/or

   e. Loss of capacity for the enjoyment of life; and/or

   f. Loss of earnings, past, present and future; and/or

   g. Loss of earning capacity; and/or

   h. Medical expenses for the care and treatment of her injuries; and/or

   i. Aggravation of a pre-existing condition.

25. Said injuries are a significant and permanent loss of an important bodily function and/or a permanent injury within a reasonable degree of medical probability and/or a significant or permanent scarring or disfigurement, and continue in their nature, and Plaintiff, LAURA ANN ZANESKI, will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, LAURA ANN ZANESKI, demands judgment for damages and costs against the Defendant, UNITED STATES OF AMERICA, in excess of thirty thousand dollars ($30,000.00) and further Plaintiff requests a trial by jury.

**COUNT II – LAURA ANN ZANESKI'S CLAIM FOR NEGLIGENCE AGAINST UNITED STATES OF AMERICA – PROPERTY DAMAGE**

26. Plaintiff, LAURA ANN ZANESKI, sues Defendant, UNITED STATES OF AMERICA, and adopts all of the allegations contained in paragraphs One (1) through Eight (8) as if more fully set forth herein.

27. On or about November 9, 2020, Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, was the owner of the Mail Truck.

28. On or about November 9, 2020, CHRISTINA MARIE GRANT was operating the Mail Truck with the permission and consent of Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

29. At all times relevant to this Complaint, including, but not limited to, the time of the crash involving Plaintiff, LAURA ANN ZANESKI, CHRISTINA MARIE GRANT was acting within the course and scope of her employment and/or agency with Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

30. On or about November 9, 2020, as part of CHRISTINA MARIE GRANT's employment and/or agency with Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE., she was driving and/or operating the aforementioned Mail Truck off of the premises of Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE.

31. On or about November 9, 2020, Plaintiff, LAURA ANN ZANESKI, was operating a 2008 Ford Mustang motor vehicle with vehicle identification number 1ZVHT84N185132971 or similar, at or near the intersection of Forest Oaks Boulevard and Forest Villas Circle, Hernando County, Florida.

32. On or about November 9, 2020, CHRISTINA MARIE GRANT was operating the Mail Truck at or near the intersection of Forest Oaks Boulevard and Forest Villas Circle, Hernando County, Florida.

33. On or about November 9, 2020, CHRISTINA MARIE GRANT owed a duty to Plaintiff, LAURA ANN ZANESKI, to operate the Mail Truck in a careful and prudent manner so as to avoid causing a collision with the motor vehicle that Plaintiff, LAURA ANN ZANESKI, was operating.

34. On November 9, 2020, CHRISTINA MARIE GRANT also had a duty to operate the Mail Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of such a motor vehicle.

35. On or about November 9, 2020, CHRISTINA MARIE GRANT breached her duty owed to Plaintiff, LAURA ANN ZANESKI, by carelessly and negligently operating the Mail Truck so that it collided with the motor vehicle that Plaintiff, LAURA ANN ZANESKI, was operating.

36. The Plaintiff, LAURA ANN ZANESKI, had no opportunity to avoid the collision.

37. The negligence of CHRISTINA MARIE GRANT caused, in whole or in part, injuries and damages to Plaintiff, LAURA ANN ZANESKI.

38. As the employer of CHRISTINA MARIE GRANT, and/or as the master of its agent CHRISTINA MARIE GRANT, the Defendant, UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, is vicariously liable for the acts of its employee and/or agent.

39. As owner of the aforementioned Mail Truck, Defendant UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE, is vicariously liable

for the negligence of its permissive driver, CHRISTINA MARIE GRANT, pursuant to the dangerous instrumentality doctrine.

40. As a direct and proximate result of Defendant UNITED STATES OF AMERICA, by and through its agent, UNITED STATES POSTAL SERVICE's and/or CHRISTINA MARIE GRANT's, negligent acts or omissions, Plaintiff, LAURA ANN ZANESKI, has suffered in the past and will continued to suffer in the future damages, including but not limited to:

      a. Damages to her property, specifically, the above-referenced 2008 Ford Mustang motor vehicle; and/or

      b. Diminution in value of her property, specifically, the above-referenced 2008 Ford Mustang motor vehicle; and/or

      c. Loss of use of her property, specifically, the above-referenced 2008 Ford Mustang motor vehicle; and/or

      d. Cost of repair of her property, specifically, the above-referenced 2008 Ford Mustang motor vehicle; and/or

      e. Cost of temporary replacement and/or rental vehicle; and/or

      f. Cost of deductible payment(s); and/or

      g. Cost of permanent replacement vehicle; and/or

      h. Loss of use or benefit of capital and/or investment; and/or

      i. Increased cost of motor vehicle insurance.

41. Said injuries and damages have been incurred in the past, and continue in their nature, and Plaintiff, LAURA ANN ZANESKI, will suffer such losses and damages in the future.

WHEREFORE, Plaintiff, LAURA ANN ZANESKI, demands judgment against the Defendant, UNITED STATES OF AMERICA, for damages plus costs of this action, and any other relief so entitled under Florida law, and respectfully requests a trial by jury of all issues so triable.

DATED: June 16th, 2022

                Respectfully submitted,

                WHITTEL & MELTON, LLC

                ***Christopher Klemawesch, Esq.***
                Christopher Klemawesch, Esq.
                FBN: 675261
                Jason M. Melton, Esq.
                FBN: 605034
                11020 Northcliffe Blvd.
                Spring Hill, FL 34608
                Phone: 352-683-2016
                Facsimile:352-556-4839
                Service Email:  Pleadings@thefllawfirm.com
                Attorneys for Plaintiff



# WHITTEL & MELTON
### Individual Strategies. Relentless Protection.

Personal Injury & Wrongful Death | Criminal Defense | Employment Disputes

**PLEASE REPLY TO SPRING HILL OFFICE**

May 4, 2021

**UPS:**
United States Postal Service
P.O Box 39131
Tampa, Florida  33630

      RE:    Our Client:    Laura Zaneski
              Your Insured:  US Postal Service
              Date of Loss:  11/09/2020
              Claim No.:    335-21-00492847A

Dear Mr. Ortiz:

As you are aware our firm represents the above-mentioned client in regards to date of accident November 9, 2020. Please see attached a completed Standard Form 95, Claim for Damage, Injury Death on behalf of our client.

Please do not hesitate to reach out if you have any questions or concerns, our direct office number is 352-683-2016.

Sincerely,
WHITTEL & MELTON, LLC

Tracee Ivins, Esq.

***SIGNED IN ABSENCE***
***TO AVOID DELAY***

TI/SZ



www.theFLlawfirm.com
1-866-608-5529

Central Florida - Main Office
11020 Northcliffe Blvd.
Spring Hill, FL 34608
P 352-683-2016
F 352-556-4839

North Florida
2441 NW 43rd Street
Suite 5B
Gainesville, FL 32606
P 352-264-7800
F 352-556-4839

South Florida
Boca Aviation Building
3700 Airport Rd., Suite 401
Boca Raton, FL 33431
P 561-708-0800
F 561-708-0801

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**
TORT CLAIMS ADMINISTRATOR
UNITED STATES POSTAL SERVICE
PO BOX 39131
TAMPA, FL 33630-9131

**2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.**
Laura Zaneski
c/o Whittel & Melton
11020 NORTHCLIFFE BLVD
SPRING HILL, FL 34608

**3. TYPE OF EMPLOYMENT:** ☒ CIVILIAN
**4. DATE OF BIRTH:** 4-17-85
**5. MARITAL STATUS:**
**6. DATE AND DAY OF ACCIDENT:** MONDAY - 11/9/2020
**7. TIME (A.M. OR P.M.):** 1:10 P.M.

**8. BASIS OF CLAIM**
USPS DRIVER, CHRISTINA GRANT, REAR-ENDED LAURA ZANDESKI. THIS INCIDENT OCCURRED ON 11-9-2020 at FORREST OAKS AND FOREST VILLAS CIRCLE.

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER: SAME AS ABOVE / 11369 PICKFORD STREET, SPRING HILL, FL 34609
DAMAGE TO THE REAR & LATCHES ON THE LEFT SIDE OF THE CAR.

**10. PERSONAL INJURY/WRONGFUL DEATH**
THE FULL EXTENT OF MY INJURIES ARE STILL UNKNOWN AS I AM ACTIVELY TREATING. HOWEVER I HAVE COMPLAINED AND TREATED FOR PAIN TO THE FOLLOWING: NECK & BACK PAIN.

**11. WITNESSES**

| NAME | ADDRESS |
|---|---|
| PATRICIA HARVEY | 2177 ROLLING HILLS CT SPRING HILL, FL 34606 |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL |
|---|---|---|---|
| $3,899.51 XX | $200,000.00 | N/A | $203,899.51 XX |

AS TREATMENT IS ONGOING THIS MAY CHANGE.

**13a. SIGNATURE OF CLAIMANT:** [signature]
**13b. PHONE NUMBER:** 352-777-1900
**14. DATE OF SIGNATURE:** 5-3-21

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109
NSN 7540-00-634-4046
STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |

| 15. Do you carry accident Insurance? ☑ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No |
|---|
| PROGRESSIVE<br>POLICY #: 920578939 |

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☑ Yes ☐ No | 17. If deductible, state amount.<br>$0 |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|
| MY CARRIER HAS PAID PIP BENEFITS FOR MEDICAL TREATMENT. |

| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☑ No |
|---|

INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

LAW DEPARTMENT
NATIONAL TORT CENTER

Exhibit B


UNITED STATES POSTAL SERVICE

August 26, 2021

Ms. Tracee Ivins
Whittel & Melton
11020 Northcliffe Blvd.
Spring Hill, Fl 34608

Re:  Your Client:        Laura Zaneski
     Date of Incident:   November 9, 2020
     NTC Claim No.:      NT202146914

Dear Ms. Ivins:

Please be advised that the administrative claim filed on behalf of Laura Zaneski with the United States Postal Service on May 21, 2021 has been assigned to my office for adjudication.

Before this claim can be considered for adjudication it must be supported by competent evidence as defined within the SF95 claim form. Accordingly, please provide me with your client's medical records and itemized bills for treatment received in connection with the above-referenced incident as well as support for any claimed property damage and/or wage loss. (See the back side of the SF 95 claim form.) If you do not submit these materials, I will be unable to properly evaluate the claim and will have no recourse but to issue a denial.

This claim will be adjudicated as soon as possible, but be aware that the Postal Service has six months from May 21, 2021 in which to adjudicate this claim. Should you have any additional information you wish to submit that would be helpful in our review of this matter, kindly forward same to my attention at the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

Sincerely,

Javier Soto-Arocho
Tort Claims Examiner/Adjudicator
Tel: 314/345-5868

/bkh

cc:  Randy Vicedo
     Tort Claim Coordinator
     File No. 335-21-00492847A

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893